OPINION
{¶ 1} Appellant Allen L. Albaugh entered a plea of guilty in the Coshocton County Common Pleas Court to two counts of rape, in violation of R.C. 2907.02, each a felony of the first degree. The counts involved two victims, under the age of thirteen.
 {¶ 2} The court sentenced appellant to eight years incarceration on each offense, to be served consecutively. Appellant appeals, assigning one error:
 {¶ 3} "The trial court erred in imposing an eight (8) year sentence for each count and ordering the sentences to be served consecutively."
 {¶ 4} Appellant argues that the court erred in imposing a sentence greater than the minimum sentence allowed for the offense, without making appropriate findings to support imposition of something other than the minimum sentence. Appellant also argues that the court did not make the appropriate findings to support consecutive sentences.
 {¶ 5} As for the minimum sentence, R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110. R.C. 2929.14(B) requires the court to impose the shortest prison term authorized for the offense, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct and will not adequately protect the public from future crime by the offender or others. In the sentencing entry, the court made the mandatory finding that the shortest prison term would demean the seriousness of the defendant's conduct and would not adequately protect the public.
 {¶ 6} R.C. 2929.14(E)(3) provides that if multiple prison terms are imposed, the court may require the offender to serve the terms consecutively if the court finds that consecutive service is necessary to protect the public from future crime or to punish the offender, that the seriousness of the offenses requires consecutive service, or that the danger posed to the public by the defendant is great unless consecutive service is imposed. The statute further requires the court to find one of the following: (1) the offender committed the multiple offenses while he was awaiting trial or sentencing, or was under post-release control or a statutorily imposed sanction for a prior offense, (2) the harm caused by the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of his conduct, or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.
 {¶ 7} In the sentencing entry, the court found that consecutive terms were necessary to protect the public and punish the offender, were not disproportionate to the conduct and to the danger the offender poses, and the harm caused in the instant case was so great or unusual that a single term does not adequately reflect the seriousness of the conduct. In the transcript of the sentencing hearing, the court states that it had the opportunity to review the pre-sentence investigation report in detail. The court found that the report contained substantial information about the details of each offense and further background information on appellant. The court stated that it was apparent that appellant totally victimized the young girls for his own purposes, and that his actions with either of the girls, let alone both of the girls, were inexcusable, indefensible, and to a certain extent unexplainable. Tr. 7-8. The court found that appellant demonstrated a callous disregard for the feelings of either of his victims. Tr. 8. The court further stated that it considered the criteria set forth in R.C. 2929.12 and R.C. 2929.13, considered the statements and arguments of counsel for both parties, reviewed the pre-sentence investigation report, and to a lesser extent considered the statements offered on behalf of the victims in the sentencing hearing. The record contains sufficient findings to support the court's imposition of consecutive sentences.
 {¶ 8} The assignment of error is overruled.
 {¶ 9} The judgment of the Coshocton County Common Pleas Court is affirmed.
By Gwin, P.J., Farmer, J., and Boggins, J., concur